543-07MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARCTIC SHIPPING LIMITED and
ARCTIC ICE SHIPPING LIMITED,

      Plaintiffs,

 -against-

LYONS WEST S.A.,

      Defendant.
------------------------------------------------------------x

07 Civ.

**VERIFIED COMPLAINT**

  Plaintiffs, ARCTIC SHIPPING LIMITED and ARCTIC ICE SHIPPING LIMITED (hereinafter "ARCTIC SHIPPING" and "ARCTIC ICE," respectively) for their Verified Complaint against Defendant LYONS WEST S.A. (hereinafter "LYONS WEST"), allege upon information and belief as follows:

  1. These are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that they involve claims for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the actions arise under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff ARCTIC SHIPPING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 75 Fort Street, P.O. Box 190 GT, Grand Cayman, Cayman Islands.

3. At all times martial hereto, Plaintiff ARCTIC ICE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 75 Fort Street, P.O. Box 190 GT, Grand Cayman, Cayman Islands.

4. At all times relevant hereto, Defendant LYONS WEST was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Main Street, P.O. Box 556, Charlestown, Nevis.

## COUNT ONE

5. On or about July 11, 2007, Plaintiff ARCTIC SHIPPING, in the capacity as owner, entered into a maritime contract of charter party with Defendant LYONS WEST, as charterer, for the use of the M/V ARCTIC NIGHT to carry a cargo of ammonium nitrate from Kerch, Ukraine to Vizag, India.

6. The vessel was duly delivered into the service of LYONS WEST and performed the voyage in accordance with the conditions of the charter.

7. A dispute arose between the parties as to the amount of freight due to ARCTIC SHIPPING under the charter.

8. ARCTIC SHIPPING alleged that freight was due in the amount of $590,000 whereas LYONS WEST alleged that freight was due in the amount of $500,000.

9. On or about August 14, 2007, LYONS WEST paid ARCTIC SHIPPING the sum of $481,250 to account for freight in the amount of $500,000 less 2.50% address commission less 1.25% brokers commission.

10. The parties subsequently settled the matter of the additional freight with LYONS WEST agreeing to pay the further sum of $45,000 to ARCTIC SHIPPING.

11. ARCTIC SHIPPING issued an invoice in accordance with the terms of the additional freight settlement in the amount of $45,000, which LYONS WEST duly paid.

12. The charter provided for a set period of time to load and discharge the vessel with demurrage at the rate of $8,000.00 per day to be charged for time used beyond that permitted.

13. LYONS WEST exceeded the permitted time by 5.55764 days.

14. On or about September 13, 2007, the parties agreed that the amount of demurrage due under the charter party was $44,461.11.

15. ARCTIC SHIPPING issued an invoice for payment of demurrage in accordance with the terms of the charter in the amount of $44,461.11.

16. LYONS WEST subsequently, however, refused and/or otherwise failed to pay the amount of demurrage due under the charter on the basis that its previous payment of $45,000 made in accordance with the freight settlement was actually an advance payment made on account of demurrage.

17. In breach of the terms of the charter, and despite due demand, LYONS WEST has refused and/or otherwise failed to pay demurrage due and owing under the charter, and the entire amount of $44,461.11 remains due and outstanding.

18. The charter party specifically provides for the resolution of disputes by arbitration at London, England, with English law to apply. ARCTIC SHIPPING specifically reserves its right to arbitrate the merits of its dispute with LYONS WEST pursuant to the terms of the charter party.

19.     This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for ARCTIC SHIPPING'S claim made or to be made in arbitration in London, England under English law, as agreed by the parties.

20.     As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements and the cost of the arbitration, all of which constitutes a part of the Plaintiff's claim and the amount sued for herein.

21.     Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $15,000 and interest on its damages are estimated to be $7,632.17 (calculated at the rate of 8% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

22.     In all, the claim for which ARCTIC SHIPPING sues in this action, as near as presently may be estimated, totals $67,093.28, no part of which has been paid by LYONS WEST. ARCTIC SHIPPING specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure ARCTIC SHIPPING.

## COUNT TWO

23.     On or about July 26, 2007, Plaintiff ARCTIC ICE, in the capacity as owner, entered into a maritime contract of charter party with Defendant LYONS WEST, for the use of the M/V ARCTIC ICE to carry a cargo of ammonium nitrate from Kerch, Ukraine to Kandla, India.

24.     The vessel was duly delivered into the service of LYONS WEST and performed the voyage in accordance with the conditions of the charter.

25.     The charter provided for a set period of time to load and discharge the vessel with demurrage at the rate of $10,000.00 per day to be charged for time used beyond that permitted.

26.     LYONS WEST exceeded the permitted time by 22.159028 days.

27.     ARCTIC ICE issued an invoice for payment of demurrage in accordance with the terms of the charter in the amount of $221,590.28.

28.     In breach of the charter party, and despite due demand, LYONS WEST has refused and/or otherwise failed to pay the demurrage due under the charter, and the entire amount of $221,590.28 remains due and outstanding.

29.     The charter party specifically provides for the resolution of disputes by arbitration at London, England, with English law to apply. ARCTIC ICE specifically reserves its right to arbitrate the merits of its dispute with LYONS WEST pursuant to the terms of the charter party.

30.     This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for ARCTIC ICE'S claim made or to be made in arbitration in London, England under English law, as agreed by the parties.

31.     As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements and the cost of the arbitration, all of which constitutes a part of the Plaintiff's claim and the amount sued for herein.

32.     Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $75,000 and interest on its damages are estimated to be $38,038.05 (calculated at the rate of 8% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

33.     In all, the claim for which ARCTIC ICE sues in this action, as near as presently may be estimated, totals $334,628.33, no part of which has been paid by LYONS WEST. ARCTIC ICE specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure ARCTIC ICE.

## **REQUEST FOR RULE B RELIEF**

34. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs are informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant LYONS WEST (collectively hereinafter, "ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

35. The total amount sought to be attached pursuant to the calculations set forth above is $401,721.61.

**WHEREFORE**, Plaintiffs ARCTIC SHIPPING LIMITED and ARCTIC ICE SHIPPING LIMITED pray:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer under oath all and singular matters alleged, failing which a default will be taken against it in the principal amount of $266,051.39 plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant, up to and including the sum of **$401,721.61**, be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire

and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant (collectively hereinafter, "ASSETS") at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award(s) entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
October 31, 2007

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiffs ARCTIC SHIPPING
                LIMITED and ARCTIC ICE SHIPPING LIMITED

By: _____
        Michael E. Unger (MU 0045)
        80 Pine Street
        New York, NY 10005
        (212) 425-1900

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiffs in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our clients and/or by solicitors representing our clients.

3. The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, neither of whose officers are presently within this Judicial District.

_____
MICHAEL E. UNGER

Sworn to before me this
31st day of October 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/292503.2                            8